(152 App. Div. 663.)

### KWIATKOWSKI v. NICHOLS COPPER CO.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

1. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—NEGLIGENCE—EMPLOYER'S LIABILITY ACT.

The negligent failure of a master to provide a reasonably safe place for a servant to work is a common-law ground for recovery for injuries to the servant caused thereby, unaided by service of notice under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§§ 101, 102*)—INJURY TO SERVANT—OBLIGATION OF MASTER—CARE REQUIRED.

A master need use only reasonable care to provide reasonably safe tools and appliances, and he need not so act as to make an accident resulting in injury to servants impossible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178, 179, 180–184, 192; Dec. Dig. §§ 101, 102.*]

3. MASTER AND SERVANT (§ 107*)—INJURY TO SERVANT—OBLIGATION OF MASTER—CARE REQUIRED.

A master, who operated a copper working plant, and who in the conduct of his business maintained small tracks supplied with cars merely designed to move heavy material about the factory by means of hand power, was not negligent, at common law or under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), for not supplying the cars with safety brakes, merely because the tracks were constructed on a slightly descending grade; the cars being such as were designed for such class of work, and being free from defects.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*]

4. MASTER AND SERVANT (§ 162*)—INJURY TO SERVANT—NEGLIGENCE—FAILURE TO EMPLOY SUPERINTENDENT.

An operator of a copper working plant, maintaining in the conduct of his business small tracks supplied with flat cars on which copper bars were transported about the plant by means of hand power, was not guilty of negligence for failing to employ a superintendent to have charge of the men directed to move the cars, since the work was of the most ordinary character of labor, and any man of common intelligence was competent to perform it without special instruction.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig § 327; Dec. Dig. § 162.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. MASTER AND SERVANT (§ 238*)—INJURY TO SERVANT—NEGLIGENCE.

An operator of a copper working plant maintained in the conduct of his business small tracks supplied with flat cars on which copper bars were transported to the various parts of the plant. The tracks were on a slightly descending grade. Several cars were placed on a track. The first car was blocked by a piece of wood. While employés were moving the cars by use of hand power, an employé was injured by the movement of the last car in the group. There was nothing to show why the block could not have been used on the respective cars in turn, and thereby prevent the injury. Held that, since it was the duty of the employés to make reasonable use of the appliances furnished them for their protection, there could be no recovery, either at common law or under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204.)

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 681, 743–748; Dec. Dig. § 238.*]

Appeal from Trial Term, Queens County.

Action by Joseph Kwiatkowski against the Nichols Copper Company. From a judgment of dismissal for want of proof, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, THOMAS, CARR, WOODWARD, and RICH, JJ.

Harry J. Rosenson, of New York City, for appellant.

Edward P. Mowton, of New York City, for respondent.

WOODWARD, J. The plaintiff had his left hand crushed in such a manner as to necessitate the amputation of one finger, and producing other permanent defects, and brings this action to recover damages from the defendant under the provisions of the Employer's Liability Act. The learned court, at the close of plaintiff's case, dismissed the complaint because of a lack of proof, and the plaintiff appeals to this court.

The defendant operates a copper working plant, and in the conduct of its business it has arranged small tracks, supplied with simple flat cars, on which hot copper bars are transported to the various parts of the factory for treatment. On the occasion of the accident resulting in the plaintiff's injury, a collection of these small cars had been made upon the tracks, and, as was the custom, the plaintiff, with four other men in his gang, was sent to move these cars down the track to a turntable, where the direction of the cars was changed, and they were then sent on their way. The plaintiff refers to this track as a decline; but the evidence seems to indicate that it was a narrow-gauge railroad track, with something of a fall in grade, probably about 5 per cent. The custom was to group these cars upon the tracks, blocking the forward wheels of the first car, and permitting the others to stand without blocking. Two men with iron rods, with hooks at the end, would get in front and draw upon the car, after the blocking was removed, and two others would follow, pushing with like iron bars, while a fifth used an ordinary crowbar to assist in starting the car.

[1] The plaintiff had worked at this same employment, under exactly the same conditions, for a period of three years, and on the oc-

casion of the accident the three head cars had been moved, and the gang were at work moving the fourth car, when, for some unexplained reason, the fifth car started down the grade, colliding with the end of the iron bar which the plaintiff was using to push the fourth car, and crushing his hand between the oncoming car and the end of the bar. There is not the slightest evidence to show that any other car ever acted in a similar manner during the three years that the plaintiff had worked there, or at any other time. No evidence is offered to show why the car did move, nor is there any evidence to show that it was not put in motion by some of the plaintiff's fellow servants. One witness testifies that he did not touch the car to move it, but here the testimony ends; no one attempts to say that it was not moved by some of the many men who were employed in the general work, and certainly no one pretends that the car was moved by the defendant, or by any one for whom it was responsible. The negligence complained of is that the defendant did not provide a reasonably safe place for the plaintiff to work, which is purely a common-law ground, which could not be helped out by the service of the notice required by the Employer's Liability Act.

[2] But there is no evidence to support this ground of complaint. The place furnished was the defendant's factory, and there is not a particle of evidence that this factory was not as safe as the practical requirements of the business would allow. It is, however, contended that there was negligence on the part of the defendant, in that it did not equip these cars or the rails of the track with safety appliances to prevent the possibility of their starting; but this assumes a duty on the part of the master to make the accident impossible, while the law only requires that he should use reasonable care to provide reasonably safe tools and appliances as his common-law duty, while providing for defects in the ways, works, and machinery under the Employer's Liability Act.

[3] But there was no defect in the cars or in the track. It is not a defect in a railroad track that it is constructed upon a slightly descending grade, nor can it be said to be a defect; within the meaning of the act, that a car designed merely for moving heavy bodies about a factory by the use of hand power is not supplied with safety brakes and devices. The cars, so far as the evidence discloses, were perfect cars of their design and make. They were just such cars as were designed and made for this class of work, and were in the same general condition in which they had been from the time they were placed in the factory, and no amount of inspection could have discovered any defect in them such as is contemplated by the statute. Being reasonably safe for the purpose for which they were used, and not having any defects which are pointed out, it is plain that the court did not err in holding that there was a failure of proof in support of the allegations in this respect.

[4] The only other claim of neglect made by the plaintiff was a failure to furnish and place a competent superintendent or foreman in charge of such work. This certainly negatives the present contention that the defendant's superintendent was negligent in directing

the work, and that the court erred in rejecting evidence as to the character of the employment of a person who is now sought to be held out as a foreman or superintendent. It is entirely obvious that the character of work being performed did not require the services of a superintendent or foreman. It was the most ordinary character of labor, and any man of common intelligence was competent to perform it without special instructions. But, if there was a foreman present and acting in the matter, it does not appear that he gave any directions, or that he in any manner caused the fifth car to move, so that the case is devoid of evidence of the neglect of any duty which the defendant owed to the plaintiff.

[5] It does appear that the first car in the series was blocked by a piece of wood, and no reason is suggested why this simple block could not have been used on the second, the third, the fourth, and the fifth car in turn, thus effectually preventing the injury to the plaintiff. It is not suggested that the defendant's superintendent, or any one else, objected to the use of this block, which the defendant must be assumed to have furnished, and with reasonably safe tools and appliances at hand it is the duty of the servant, not of the master, to make reasonable use of the same for the protection of himself and his fellow laborers. The plaintiff did not bring his case within the provisions of the Employer's Liability Act, and his evidence wholly failed to establish a cause of action.

The judgment appealed from should be affirmed, with costs. All concur.